```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                          :
J-WAY SOUTHERN, INC.,                     :
                                          :     CASE NO. 1:17-cv-1167
            Plaintiff,                    :
                                          :
      vs.                                 :     OPINION & ORDER
                                          :     [Resolving Doc. 82]
RIVER ROAD CONSTRUCTION, INC.,            :
                                          :
            Defendant.                    :
                                          :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Third-Party Defendant Liberty Mutual Insurance Company ("Liberty Mutual") moves to bifurcate this case's trial into two separate proceedings.[1] Specifically, Liberty Mutual wants to separate the insurance dispute between it and Third-Party Plaintiff River Road Construction, Inc. ("River Road") from the liability dispute between River Road and Plaintiff J-Way Southern, Inc. ("J-Way").[2] River Road does not object.[3]

For the following reasons, the Court **GRANTS** Liberty Mutual's motion to bifurcate.

## I. BACKGROUND

On October 20, 2016, Plaintiff J-Way leased a dredging vessel to River Road.[4] After the dredging vessel broke down, J-Way sued River Road for breach of contract and negligence, claiming that River Road breached a contractual duty to properly repair and maintain the vessel.[5] In response, River Road counterclaimed for breach of contract and breach of implied warranty, asserting J-Way failed to provide River Road a dredging vessel fit for its intended use.[6]

---

[1] Doc. 82.
[2] *Id.*
[3] Doc. 92.
[4] Doc. 54-2 at 1.
[5] Doc. 1.
[6] Doc. 6.

River Road also joined third party, Liberty Mutual. River Road sought a declaratory judgment that under two insurance policies, Liberty Mutual owes River Road a duty to indemnify and a duty to defend it against J-Way's claims.[7]

On March 7, 2018, the Court disposed of the parties' summary judgment motions.[8] The issues left for trial are (1) J-Way's negligence and breach of contract claims; (2) River Road's breach of implied warranty counterclaim; and (3) Liberty Mutual's duty to indemnify.

With respect to Issue 3, the Court held in its summary judgment order that Liberty Mutual has a duty to indemnify River Road "if J-Way is awarded damages in its negligence suit and no evidence suggests that the damage to the dredging vessel resulted from River Road's want of due diligence."[9]

Liberty Mutual has moved to bifurcate the trial so that the liability dispute between J-Way and River Road (Issues 1 and 2) is separate from the insurance dispute between Liberty Mutual and River Road (Issue 3).[10] River Road does not object.[11]

## II. DISCUSSION

Federal Rule of Civil Procedure 42(b) authorizes a court to conduct separate trials of particular issues and claims, "[f]or convenience, to avoid prejudice, or to expedite and economize." Rule 42(b)'s principal purpose "is to enable the trial judge to dispose of a case in a way that both advances judicial efficiency and is fair to the parties."[12]

The ultimate decision on bifurcation is left to the sound discretion of the trial court, and a decision ordering bifurcation should be grounded in the facts and circumstances of each case.[13]

---

[7] Doc. 6.
[8] Doc. 76.
[9] *Id.* at 13-14.
[10] Doc. 82.
[11] Doc. 92.
[12] *In re Bendectin Litig.*, 857 F.2d 290, 307 (6th Cir. 1988).
[13] *Saxion v. Titan-C-Mfg, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996).

"In determining whether separate trials are appropriate, the court should consider several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'"[14]

After considering these factors, the Court finds that bifurcation is appropriate in this case.

The liability dispute between J-Way and River Road is separate from the insurance dispute between Liberty Mutual and River Road. Liberty Mutual was not a party to the dredging vessel lease and was not involved in the dredging vessel's operation and maintenance. As a result, Liberty Mutual's trial presence would likely only confuse the jury. Moreover, evidence of River Road's liability insurance in the liability suit would likely prejudice both Liberty Mutual and River Road.[15]

Furthermore, as the parties acknowledge, the jury's determination of River Road's negligence in the liability suit would resolve the insurance dispute. Both River Road and Liberty Mutual have represented to the Court they will agree to be bound by the jury's verdict on River Road's negligence in the liability suit. As a result, Liberty Mutual's trial presence in the liability dispute is not required. Bifurcating the trial would thus also serve judicial economy.

### III. CONCLUSION

Accordingly, the Court **GRANTS** Liberty Mutual's motion to bifurcate. The Court **ORDERS** Liberty Mutual and River Road to devise and submit appropriate interrogatories in the liability trial between J-Way and River Road. Liberty Mutual and River Road must stipulate that the interrogatory findings can be used to determine Liberty Mutual's duty to indemnify.

IT IS SO ORDERED

Dated: March 21, 2018                      *s/  James S. Gwin*
                                                                 JAMES S. GWIN
                                                                 UNITED STATES DISTRICT JUDGE

---

[14] *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)).

[15] *See Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 758 (6th Cir. 1980).